**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CYNTHIA KENTILE,**

                           **Plaintiff,**

    vs.                                    **8:13-CV-880**
                                            **(MAD/CFH)**

**CAROLYN COLVIN,**
**Commissioner of Social Security,**

                           **Defendant.**
_____


**APPEARANCES:**                          **OF COUNSEL:**

**OFFICE OF MARK A. SCHNEIDER**     **MARK A. SCHNEIDER, ESQ.**
57 Court Street
Plattsburgh, New York 12901
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **KATRINA M. LEDERER, ESQ.**
Office of General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorney for Defendant


**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**


     Plaintiff Cynthia Kentile brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c),

seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to

deny her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income

("SSI") under the Social Security Act.  Before the Court are the parties' cross-motions for

judgment on the pleadings.  *See* Dkt. Nos. 12, 13.  This matter was referred to United States

Magistrate Judge Christian F. Hummel for a Report and Recommendation, pursuant to 28 U.S.C.

636(b) and Local Rule 72.3(d).

On January 29, 2009, Plaintiff filed an application for DIB benefits. Dkt. No. 8, Administrative Transcript ("T.") at 167-179. On January 31, 2009, plaintiff filed an application for SSI benefits, alleging a disability onset of December 1, 2005. *Id.* The application was initially denied, and Plaintiff requested a hearing, which was held on April 29, 2011. T. 24. On July 29, 2011, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits. T. 24-38. The Appeals Council denied Plaintiff's request for a review of that decision, making the ALJ's decision the final determination of Commissioner. T. 1-6.

Plaintiff commenced this action on July 25, 2013. *See* Dkt. No. 1. Plaintiff alleges that: (1) the ALJ failed to comply with the regulations relating to the medical opinion evidence; (2) ALJ failed to fully develop the record; (3) the ALJ's credibility analysis is flawed; (4) the ALJ's RFC assessment is not supported by substantial evidence; and (5) the Appeals Council failed to adequately address new and relevant evidence submitted by Plaintiff in its decision denying review. *See* Dkt. No. 12.

In a Report-Recommendation and Order dated June 17, 2014, Magistrate Judge Christian F. Hummel recommended that the matter be remanded for further proceedings. *See* Dkt. No. 15. With respect to Plaintiff's arguments regarding the ALJ's evaluation of the medical opinion evidence in the record, Magistrate Judge Hummel concluded that: (1) the ALJ did not err when she failed to afford any weight to Dr. Cassin's assessment; (2) the ALJ erred when she failed to assign any weight to nurse practitioner Hill's opinions and diagnosis, or explain such failure; (3) the ALJ's decision to assign little weight to Dr. Kilbourne's opinions was supported by substantial evidence; and (4) the ALJ did not err when she failed to assign controlling weight to Dr. Welch's opinion. *Id.* at 6-17. Magistrate Judge Hummel next concluded that the ALJ's failure to contact

Plaintiff's treating physicians to obtain a medical source statement constituted a breach of the duty

to develop the record warranting remand. *Id.* at 20. Magistrate Judge Hummel also noted that,

upon remand, "the ALJ may wish to consider whether additional consultive examinations would

be helpful to the determination of Plaintiff's disability claim." *Id.* at 25. Magistrate Judge

Hummel further concluded that the ALJ employed the proper legal standards in assessing the

credibility of Plaintiff's complaints of pain and adequately specified the reasons for discrediting

Plaintiff's statements. *Id.* at 28. As to Plaintiff's RFC argument, Magistrate Judge Hummel found

that "[b]ecause the ALJ erred in evaluating the opinions from N.P. Hill, Dr. Cook and Dr.

Dingley, the Court cannot decide whether the ALJ's finding at step four of the sequential

evaluation was supported by substantial evidence." *Id.* at 29. Finally, Magistrate Judge Hummel

stated that the recommendation that the matter be remanded obviated the need for the Court to

analyze Plaintiff's argument regarding the Appeals Council's decision, or Plaintiff's letter motion

requesting that the Court consider new evidence. *Id.* at 30. Neither party has objected to

Magistrate Judge Hummel's Report-Recommendation and Order.

In reviewing the Commissioner's final decision, the Court must determine whether the

Commissioner applied the correct legal standards and whether there is substantial evidence to

support the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing

*Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). The Commissioner is ultimately

responsible for determining a claimant's eligibility; however, an Administrative Law Judge makes

the actual disability determination. The decision of the ALJ is subject to judicial review on

appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the

proper legal standards, even if it appears that the ALJ's decision is supported by substantial

evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). The ALJ must set forth the

crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Faird v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

Having reviewed Magistrate Judge Hummel's Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Hummel correctly determined that the decision of the Commissioner be vacated and the matter be remanded.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's June 17, 2014 Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) and motion regarding additional evidence (Dkt. No. 14) are **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying benefits is **VACATED** and this matter is **REMANDED** to the Commissioner for further proceedings consistent with Magistrate Judge Hummel's Report-Recommendation; and the Court further

**ORDERS** that the Clerk shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 17, 2014
      Albany, New York

Mae A. D'Agostino
U.S. District Judge